# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **COURTLAND LINDSAY** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:14cv640** |
| | § | |
| **RUSK STATE HOSPITAL** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this case has been presented for consideration. The Report and Recommendation (docket no. 5) recommends that Plaintiff's motion to proceed *in forma pauperis* be denied, that the complaint be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(1) and (6), and that Plaintiff be sanctioned in the amount of $100.00, such that the Clerk shall not accept any new filings from Courtland Lindsay until the sanction has been paid in full. Plaintiff did not file written objections to the Report and Recommendation. Instead, he filed a Jury Demand (docket no. 7), an Amended Complaint (docket no. 8), a Motion to Notify (docket no. 9), a Motion for Reconsideration of Non-Dispositive Motions (docket no. 10), a Motion for Injunctive Relief (docket no. 12) and a Motion to Notify and Represent [sic] Federal Questions (docket no. 13). The Court considers these pleadings together as Plaintiff's written objections.

Having made a *de novo* review of the written objections filed by Plaintiff, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Plaintiff's vexatious litigation practices, fully outlined in the Report and Recommendation, cannot be condoned. Plaintiff's written objections do not contradict the findings in the Report and Recommendation. At best, Plaintiff attempts to assert new, vague allegations that were not included in the Complaint. Plaintiff now states that he is asserting claims for libel, defamation and negligence. Plaintiff does not provide specific facts in support of these claims. Moreover, Plaintiff does not explain why he is filing these state law claims in federal court, as opposed to state court. Federal courts are courts of limited jurisdiction. Assuming, *arguendo*, that Rusk State Hospital is a state actor that may be sued under 42 U.S.C. § 1983, Plaintiff's claim of negligence is not cognizable. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 327 (1986). Similarly, Plaintiff's claims of libel and defamation, which Plaintiff states concerns information contained in his private health records, do not state a § 1983 claim. *See Thomas v. Kippermann*, 846 F.2d 1009, 1010 (5th Cir. 1988). "More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment." *Id*. (*citing Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155 (1976)).

In light of the foregoing, it is

**ORDERED** that the Motion to Proceed *In Forma Pauperis* is **DENIED** and the Complaint is **DISMISSED** with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(1) and (6). Plaintiff is **SANCTIONED** in the amount of $100.00. The sanction is independent of any sanction imposed in any other case. The Clerk is directed not to accept any new filings from Courtland Lindsay until any and all monetary sanctions have been paid in full.

Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2014.**

                          **LEONARD DAVIS**
                          **UNITED STATES DISTRICT JUDGE**